# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

David Bulit,

        Plaintiff,

v.

The Collective and Co. Media LLC,

        Defendant.

_____/

Case No:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff David Bulit ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant The Collective and Co. Media LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account with the name of "Camden Lifestyle Magazine" on Facebook. ("*Account 1*").

4. Defendant owns and operates a social media account with the name of "camdenlifestyle" on Instagram. ("*Account 2*")

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on Account 1 and on Account 2 (collectively "*Accounts*") and engaged in this misconduct

knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff David Bulit is an individual who is a citizen of the State of Alabama and maintains a principal place of business at 345 Arthur Street B, Montgomery in Montgomery County, Alabama.

7. Upon information and belief, Defendant The Collective and Co. Media LLC, is a Florida limited liability company with a principal place of business at 6880 West 12th Street, Jacksonville in Duval County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over The Collective and Co. Media LLC because it maintains its principal place of business in Florida.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because The Collective and Co. Media LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff

owns protectable copyright interests.

15. The Accounts are associated with Defendant.

16. Defendant has exclusive access to post content on Defendant's Accounts.

17. Defendant uses the Accounts to promote its business.

18. On August 18, 2019, Plaintiff David Bulit authored a group of photographs of the Riverside Motel and St. Mary's Liquors in Florida (*Exhibit 1 - Photograph #1-15*) (collectively "*Photographs*"). A copy of each individual photograph is attached hereto collectively as Exhibit 1.

19. Plaintiff applied to the USCO to register the Photographs on or about June 26, 2020 under Application No. 1-8968459545.

20. The Photographs were registered by the USCO on June 26, 2020 under Registration No. VA 2-209-777.

21. On March 17, 2020, Plaintiff observed the Photographs in various posts on the Defendant's Accounts. Copies of the screengrabs of the Accounts including the Photographs is attached hereto collectively as Exhibit 2.

22. On March 15, 2020, Defendant posted the Photographs to Account 1 (*Exhibit 2-Infringement #1-15*).

23. On March 16, 2020, Defendant posted Photograph 6, 10, 11, 12, 14, and 15 to Account 2 (*Exhibit 2-Infringement #16-21*)

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff's copyright protected Photographs as are set forth in Exhibit "1" on the Accounts.

25. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

26. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Accounts.

28. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

29. Upon information and belief, the Photographs were willfully and volitionally posted to the Accounts by Defendant.

30. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

31. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

32. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

33. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Accounts.

34. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

35. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

36. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

37. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

38. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

39. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

40. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

41. Defendant's reproduction of the Photographs and display of the Photographs on the Accounts constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

42. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

43. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs pursuant to 17 U.S.C. § 505 from Defendant.

44. As a result of Defendant's violations of Title 17 of the U.S. Code,

Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Integrity of Copyright Management Information 17 U.S.C. § 1202)*

45. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

46. Upon information and belief, Defendant knew that Plaintiff created and held rights to the Photographs because, *inter alia*, the source of the Photographs that Defendant used to make its infringing copies specifically attributed the Photographs to Plaintiff by watermark or photo credit.

47. Upon information and belief, in its posts on the Accounts, Defendant copied the Photograph from https://www.abandonedfl.com/riverside-motel-st-marys-liquors/ which contained a photograph credit accompanying each individual photograph stating "www.abandonedfl.com," the website of the owner and author of the Photographs.

48. The photograph credit is copyright management information.

49. Copies of the screengrabs of the website of first publication including the Photographs is attached hereto collectively as Exhibit 3.

50. Upon information and belief, Defendant intentionally removed copyright management information related to the Photographs with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to include the photo credit originally conveyed with the Photographs in order to mislead the public into believing that Defendant either owned the Photographs or had legitimately licensed them for use in the Infringements. Upon information and belief, in addition to removing the photo credit, Defendant also removed the metadata from

the Photographs.

51. In addition, upon information and belief, Defendant displayed the unauthorized copies of the Photographs knowing the copyright management information had been removed.

52. Defendant's conduct violates 17 U.S.C. § 1202(a) and 1202(b).

53. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

54. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

55. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

56. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

57. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## JURY DEMAND

58. Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photographs by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election;

c. for an award of actual damages or, in the alternative, statutory damages against each Defendant in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1202(b)(5);

f. for pre judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: October 4, 2021

          **SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Fl Bar 985686)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
*Attorneys for Plaintiff*
File No.: 122787